UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA    )
                           )
        v.                 )        CASE NO. 2:26-CR-69
                           )
ALEXANDER GAGIANAS         )

## GOVERNMENT'S MOTION FOR DETENTION

COMES NOW the United States, by the United States Attorney for the Northern District of Indiana, Adam L. Mildred, through Philip C. Benson, Assistant United States Attorney, and files its request for detention as follows:

### I.    Procedural History

On April 16, 2026, James Gerodemos and twenty-one other individuals were indicted by a federal grand jury for this district in a twenty-eight count indictment on various federal charges, including Conducting an Illegal Gambling Business (18 U.S.C. 1955), Hobbs Act Extortion/Conspiracy (18 U.S.C. 1951), Collection of Extensions of Credit by Extortionate Means/Conspiracy (18 U.S.C. 894), Conspiracy to Commit Money Laundering (18 U.S.C. 1956(h)), and  Interstate Transmission of Wagering Information (18 U.S.C. 1084(a)).  See *United States v. James Gerodemos* et al, 2:26 CR 69.

1

Also part of this indictment, are three forfeiture allegations related to the various violations of federal law contained in the indictment.

Defendant Gagianas is charged in the Indictment as follows:

Count 1: Illegal Gambling Business 18/1955
Count 6: Conspiracy - Hobbs Act Extortion 18/1951
Count 7: Conspiracy - Collection of Extensions of Credit by Extortionate Means  18/898
Count 8: Hobbs Act Extortion 18/1951
Count 9: Collection of Extensions of Credit by Extortionate Means  18/894

Based upon all of the evidence gathered thus far in this case, the government seeks detention on the following grounds: danger to the community and flight risk.

## II.    Applicable Law

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, governs all questions of pretrial detention or release. *United States v. Salerno*, 481 U.S. 739, 741-742 (1987). Pending trial, a defendant must be released on personal recognizance, released on conditions, or detained. 18 U.S.C. § 3142(a). The government (or in some cases the court) may request a "hearing to determine whether any condition or combination of conditions … will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(f). The magistrate or district court "is not given unbridled discretion in making the

2

detention determination." *Salerno*, 481 U.S. at 782 . Instead, the court must

consider and weigh the specific factors set forth in Section 3142(g), namely

> (1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2)    The weight of the evidence against the person;
>
> (3)    The history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)    The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Detention is appropriate if the district court finds by a preponderance

of the evidence that the defendant poses a risk of flight such that no

combination of conditions can reasonably assure his presence at trial. *United*

*States v. Portes*, 786 F.2d 758, 765-766 (7th Cir. 1985). 18 U.S.C. § 3142(e)(1)

also permits detention if the court finds it necessary to reasonably assure

"the safety of any other person and the community." This latter finding must

be "supported by clear and convincing evidence." 18 U.S.C. § 3142(f).

3

Likelihood of flight and danger to the community "are distinct statutory sources of authority to detain," so either, standing alone, is enough to require detention. *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985); *Portes*, 786 F.2d at 765.

If the defendant is charged with "crime of violence" he is subject to a rebuttable presumption that there are no conditions that will assure their appearance and the safety of the community." *United States v. Wilks*, 15 F.4th 842, 846 (7th Cir. 2021). In response to the presumption, the defendant has a "light burden" to produce evidence that sufficient conditions exist. *Id.* The burden of persuasion to support detention "always rests with the government." *Id.* at 846-47. The presumption of detention "is not, by itself, an adequate reason to order detention." *Id.* at 847. Instead, the presumption should be considered alongside the other Section 3142(g) factors. Id.

While it is unclear if the Hobbs Act Extortion is a crime of violence in the Seventh Circuit, the Second Circuit holds that it is a crime of violence. See *US v. Nikolla*, 950 F.3d 51, 54 (2d Cir 2020):

In *Nikolla*, the indictment charged Nikolla with "threatening physical violence in furtherance of a plan to extort [the victim]" in violation of 18 U.S.C. § 1951(a). App'x at 38. Section 1951(a) defines several separate offenses, one of which applies to a defendant who "commits or threatens

4

physical violence to any person or property in furtherance of a plan or purpose to [commit Hobbs Act robbery or extortion]." 18 U.S.C. § 1951(a); *Scheidler v. Nat'l Org. for Women*, 547 U.S. 9, 22, 126 S.Ct. 1264, 164 L.Ed.2d 10 (2006) (recognizing that committing or threatening physical violence in furtherance of Hobbs Act robbery or extortion is a "separate Hobbs Act crime"). The elements of that offense mirror almost exactly the definition of a "crime of violence" in the Elements Clause of § 924(c). Compare 18 U.S.C. § 924(c)(3)(A) (defining "crime of violence" as a felony that "has as an element the ... threatened use of physical force against the person or property of another") with id. § 1951(a) (imposing criminal liability on any person who "commits or threatens physical violence to any person or property in furtherance of a plan [of Hobbs Act extortion]").

However, the Court need not decide this issue because under the Bail Reform Act's residual clause, Hobbs Act extortion is a crime violence, therefore creating a rebuttable presumption in favor of detention.

18 U.S.C. 3142(f)(2) States:

"(2) upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves—

(A )a serious risk that such person will flee; or

**(B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to**

5

**threaten, injure, or intimidate, a prospective witness or juror.**
(emphasis added)

... The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."

Subsection (e) states:

Detention.—

(1)  If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

Either with or without the rebuttable presumption for detention created by a "crime of violence," the facts below clearly support by clear and convincing evidence that the defendant is a either 1) a danger to the community, 2) poses a serious risk of flight, or 3) a serious risk that he will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. Therefore, detention of this defendant is warranted.

### a.    *Nature and Circumstances of the Crime*

The nature and circumstances of the offenses charged demonstrate that Defendant was heavily invested in the Gerodemos Gambling Enterprise and

6

was even willing to conspire and engage in attempted acts of extortion to recover gambling proceeds for the organization.

GAGIANAS was a bookie who recruited and handled a bettor GERODEMOS and GIALAMAS agreed to split 50/50 in his wins and losses. GAGIANAS also offered to assist in the collection of the gambling debt for from extortion Victim #2.

Gagianas also referenced doing some "painting" for the Gerodemos Gambling Organization.  On October 17, 2024, at 10:25 am, ALEXANDER GAGIANAS texted JAMES GERODEMOS, "Kalee mera, Your buddy [DEAN2024,LAMAS] never called me yesterday so I can give him the bid to paint his house." At 10:28 am, JAMES GERODEMOS replied, "Do u do carpentry work [too]?" At 10:30 am, ALEXANDER GAGIANAS replied, "I focus on just painting, but I am quite the handy man." At 10:32 am, JAMES GERODEMOS texted a YouTube link with a video clip from The Irishman where Jimmy Hoffa said to Frank Sheeran, "I heard that you paint houses [kill people]." Frank Sheeran replied, "And I do my own carpentry [dispose of the bodies]." At 10:42 am, ALEXANDER GAGIANAS replied with emoji laughing faces. At 10:44 am, JAMES GERODEMOS called GUS KAPORIS and got voicemail. At 12:43 pm, JAMES GERODEMOS called ALEXANDER GAGIANAS for 651 seconds. At 1:40 pm, JAMES GERODEMOS texted

7

DEAN GIALAMAS, "Call Me please." At 1:43 pm, DEAN GIALAMAS replied, "I'm at airport to go to Boston." At 6:45 pm, ALEXANDER GAGIANAS texted, "Sammy never called me about the paint."

Approximately one month later and shortly after failed attempt to locate extortion Victim #2 in a casino in Florida, Gagianas continued his attempts to track down  extortion Victim #2.   On November 13, 2024, ALEX GAGIANAS, using *67 to block his phone number, at 9:31 PM GAGIANAS called VICTIM 2 for 78 seconds. On November 13, 2024, ALEX GAGIANAS conducted a Google search for VICTIM 2's business in Florida. On November 13, 2024, ALEX GAGIANAS obtained a screen capture of the Facebook page for VICTIM 2's wife.  On November 13, 2024, ALEX GAGIANAS obtained a screen capture of VICTIM 2's driver's license taken from another person's phone.

Gagianas' conduct evidences his clear intent to reach out to do harm not only extortion victim #2, but to apparently gather information regarding the wife of extortion Victim #2.

### b.    *Weight of the Evidence*

As indicated above, the weight of the evidence is great. The above comes directly from iCloud messages of Gagianas, or from text messages he sent or received from other co-conspirators.

c.      *History and Characteristics of the Person*

While defendant has no documented criminal history, his conduct as noted above clearly denotes a propensity for intimidation and violence.  The statements above reveal characteristics which reveal a dangerous and threatening character trait.

d.      *Seriousness of Danger to any Person or Community*

Given Gagianas' conduct as alleged in the indictment and supported by the above evidence, Gagianas represents a clear and present danger to at least extortion Victim #2, and likely his entire family if Gagianas is released. Gagianas presents a serious risk that if released he would obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness.

*Flight Risk*

While the Defendant will likely offer surrender his passport to probation, this does not alleviate the significant risk of flight the Defendant poses. A passport is not needed to exit the United States to Mexico by foot or vehicle. The same is true for Canada.  Nor is a passport necessary to board a cruise ship if the cruise begins and ends in the United States. Additionally, for those of Greek descent, dual citizenship exists and poses impossible extradition hurdles as evidenced with Mr. Anast, Mr. Souforis, and Mr.

9

Kollintzas.  All are fugitives from the Northern District of Indiana that fled to Greece and have avoided prosecution or sentencing in this District.  This Gagianas is very well travelled as demonstrated by the following certified CBP (Custom Border Patrol) records:



**U.S. Customs and Border Protection**
**U.S. Department of Homeland Security**
**▮▮ - Person Encounter List**

04/20/2026 18:41 EDT                                Generated By: ▮▮▮▮▮                                Page 1 of 2

| Last Name | First Name | DOB | Doc Type | Document Number | Date - Time (Eastern) | Carrier Code | Carrier Num. | I/O | Site | Insp | Type | Status | Updated Status | Ref | Arr Loc | Dep Loc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GAGIANAS | ALEXANDER G | 0▮/1970 | P | 575153070 | 07/19/2024 18:54 | AA | 161 | I | ▮ | ▮ | ▮ | ON BOARD | | | ORD | ATH |
| GAGIANAS | ALEXANDER G | 0▮/1970 | P | 575153070 | 07/06/2024 15:33 | AA | 160 | O | 2 | ▮ | ▮ | | ON BOARD | | ATH | ORD |
| GAGIANAS | ALEXANDER | 0▮1970 | P | 575153070 | 09/10/2023 15:29 | AA | 41 | I | ▮ | ▮ | ▮ | ON BOARD | | | ORD | BCN |
| GAGIANAS | ALEXANDER | 0▮1970 | P | 575153070 | 09/02/2023 00:00 | AA | 40 | O | | | ▮ | ON BOARD | | | BCN | ORD |
| GAGIANAS | ALEXANDER G | 0▮/1970 | P | 575153070 | 05/05/2019 19:59 | AA | 1087 | I | ▮ | ▮ | ▮ | ON BOARD | | | ORD | SJD |
| GAGIANAS | ALEXANDER | ▮/1970 | P | 575153070 | 05/02/2019 00:00 | AA | 1087 | O | | | ▮ | ON BOARD | | | SJD | ORD |
| GAGIANAS | ALEXANDER G | 0▮/1970 | P | 575153070 | 07/25/2018 15:40 | UA | 953 | I | ▮ | ▮ | ▮ | ON BOARD | | | ORD | MUC |
| GAGIANAS | ALEXANDER G | 0▮1970 | P | 575153070 | 07/05/2018 00:00 | LX | 9 | O | | | ▮ | ON BOARD | | | ZRH | ORD |

Total Number of Records: 8

| Legend | |
|---|---|
| **Loc** | |
| Codes | Value |
| ORD | O'HARE INTERNATIONAL |
| ZRH | ZUERICH, SWITZERLAND |
| ATH | HELLINIKON, ATHENS |
| MUC | MUNICH AIRPORT, GERMANY |
| BCN | BARCELONA |
| SJD | LOS CABOS |

| Doc Type | |
|---|---|
| Codes | Value |
| ▮ | ▮ - PASSPORT |

Ironically, Gagianas' most recent international travel is to Greece. Ironic since the Government is in possession of a photograph taken approximately one month ago in Greece, with Gagianas' co-defendant and ringleader, James Gerodemos and Northern District of Indiana muti-decade fugitive Frank Kollintzas.

10

Given the extensive world travels of the Defendant, it would be hard to believe Defendant does not have numerous contacts outside the United States, as well as cash reserves, gold, or cryptocurrency which could be accessed once outside the United States.

## IV.  Conclusion

Based on the foregoing, the government requests that this defendant be detained.

Respectfully submitted,

Adam L. Mildred
United States Attorney

By:  /s/ *Philip C. Benson*

Assistant United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana  46320

11